# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Julie Maria Fitzharris, Respondent.

Appellate Case No. 2015-002587

Opinion No. 27604
Submitted January 21, 2016 – Filed February 17, 2016

## DEFINITE SUSPENSION

Lesley M. Coggiola, Disciplinary Counsel, and Julie K. Martino, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Julie Maria Fitzharris, of Fitzharris Law Firm, LLC, of Charleston, *pro se*.

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension of nine (9) months with conditions.  We accept the Agreement and suspend respondent from the practice of law in this state for three (3) months with conditions as stated hereafter.  The facts, as set forth in the Agreement, are as follows.

## Facts

In October 2010, Client retained respondent to represent him in a negligence action for damages related to a burn he received while receiving treatment at a chiropractor's office.  Respondent attempted to negotiate with the defendant's insurance carrier but the adjuster was not interested in settling.  Respondent then consulted with a chiropractor in Georgia who reviewed the case, provided an

affidavit, and agreed to serve as an expert witness on Client's behalf. In September 2012, respondent filed a Notice of Intent to File Suit.

The chiropractor's insurance carrier then agreed to forgo mediation and to negotiate a settlement. Respondent believed the parties had reached an agreement to settle the case for $3,200.00 and was expecting a check. Respondent neither made a note of the date of this verbal agreement nor requested written confirmation of the settlement agreement.

In December 2014, respondent reviewed Client's file. She noted that there was no settlement check in the file but thought it was due to an administrative delay. On December 4, 2014, she delivered a check for $2,000.00 to Client and told Client the case had settled for $3,200.00 and she was advancing the $2,000.00 from her operating account. Respondent told Client she would give him the remainder of the settlement in January 2015. She apologized to Client for the time it had taken to settle the case and that she would neither take a fee nor reimburse herself for expenses. Respondent also stated the Medicare lien could take some time to resolve. At the conclusion of that meeting, respondent put Client's file in the trunk of her car and did not follow up with Client about outstanding issues. Respondent did not retrieve the file from the trunk of her car until after she received the complaint in this matter.

When she reviewed the file in June 2015, respondent realized no settlement check had been received, no settlement statement had been signed, and the Medicare lien was still outstanding. Respondent found an email from defense counsel that she had not previously read that stated the case was not settled and that it had been dismissed because the statute of limitations had expired. Respondent acknowledges she failed to calendar the case in any way and, therefore, she missed the statute of limitations.

During the pendency of Client's case, respondent had several surgeries on her back and shoulder, there were complications with almost all of the surgeries, and she was taking narcotics and muscle relaxers to alleviate the pain and muscle spasms. Respondent was, and still is, being treated for depression and anxiety in relation to her physical ailments. She acknowledges that these physical and mental health issues contributed to the problems with Client's case.

## Law

Respondent admits that by her conduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.8(h)(2) (lawyer shall not settle claim or potential claim for malpractice liability with unrepresented client unless that person is advised in writing of desirability of seeking and is given reasonable opportunity to seek advice of independent legal counsel in connection therewith); Rule 1.16(a)(2) (lawyer shall withdraw from representation when lawyer's physical or mental condition materially impairs lawyer's ability to represent client); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of client); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).

Respondent also admits she has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate oath of office contained in Rule 4012(k), SCACR).

## Conclusion

We accept the Agreement and suspend respondent from the practice of law for three (3) months. In addition, respondent shall complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Law Office Management School within one year prior to filing any Petition for Reinstatement. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**PLEICONES, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.**